799 So.2d 812 (2001)
Danny TAYLOR
v.
Michael MANUEL, et al.
No. 01-0653.
Court of Appeal of Louisiana, Third Circuit.
October 31, 2001.
*813 G. Frederick Seemann, Lafayette, LA, Counsel for Michael Manuel.
Robert C. McCorquodale, Calcasieu Parish Sheriff's Office, Lake Charles, LA, Counsel for Calcasieu Parish Sheriff's Office.
David Daniel Palay, Jr., Lorenzi, Sanchez, Rosteet, Palay L.L.P., Lake Charles, LA, Counsel for Danny Taylor.
Court composed of SYLVIA R. COOKS, OSWALD A. DECUIR, and ELIZABETH A. PICKETT, Judges.
DECUIR, Judge.
Appellant seeks to overturn the trial court's judgment of eviction. For the reasons that follow, we reverse and remand the case for further proceedings.

FACTS
On May 19, 2000, Danny Taylor entered into an agreement to lease Michael Manuel's property for the purposes of operating a dirt pit. The lease called for rental payments to be computed by the amount *814 of dirt removed from the property by Taylor. The lease contained numerous other restrictions and provisions and provided that:
11. Nonpayment of Rent, Etc.: Should the Lessee at any time violate any of the conditions of this lease, or discontinue the use of premises for the purpose which they are rented, or fail to pay the rent or other expenses assumed under this lease, punctually at maturity, as stipulated; or on the adjudication of Lessee in bankruptcy, the appointment of a receiver for Lessee, or the filing of a bankruptcy, receivership or respite petition by Lessee; or on Lessee's suspension, failure or insolvency; and should that violation continue for a period of 15 days after written notice has been given Lessee, then, at the option of the Lessor, the rent for the whole unexpired term of this lease shall at once become due and exigible; the Lessor shall have the further option to at once demand the entire rent for the whole term, or to immediately cancel this lease, or to proceed for past due installments only, reserving its right to later proceed for the remaining installments, all without putting Lessee in default, Lessee to remain responsible for all damages or losses suffered by Lessor, Lessee by this agreement assenting to remain responsible for all damages or losses suffered by Lessor, Lessee by this agreement assenting and expressly waiving the legal notices to vacate the premises .... (emphasis added).
Taylor began operating the dirt pit and made the rental payments for June and July. Before the August payment was due, Manuel became convinced that Taylor was not properly accounting for the dirt leaving the pit and thereby, underpaying his rent. On September 1, 2000, Manuel accompanied by a Deputy Sheriff came to the leased property and ordered Taylor's employee off the property and locked the gate. No notice of breach was sent to Taylor and no legal proceedings for eviction were initiated.
On September 22, 2000, Taylor filed suit against Manuel for wrongful eviction, damages and injunctive relief. Manuel filed a reconventional demand for eviction. A hearing was held solely on the issue of eviction and the trial court granted Manuel's reconventional demand for the eviction of Taylor. Taylor lodged this appeal.

DISCUSSION
Taylor first alleges that the trial court erred in finding that the September 1, 2000, eviction of Taylor was proper. He argues that Manuel failed to seek judicial eviction with appropriate notice as is required by Louisiana law. Furthermore, he contends that Manuel failed to provide notice of breach as required by the lease contract. Manuel responds that Taylor did not raise the issue of lack of notice in the lower court and, therefore, it is not properly before this court. Furthermore, Manuel contends in his answer to the original petition that notice of eviction was served five days prior to said answer. This notice does not appear in the record.
We will address Manuel's contentions regarding the notice issue first. We agree that, issues not raised in a petition or at trial are not to be considered on appeal. Williamson v. St. Francis Cabrini Hosp. of Alexandria, 99-1741 (La.App. 3 Cir. 5/10/00); 763 So.2d 50, writ denied, 00-2149 (La.10/6/00); 771 So.2d 83. However, our review of the record indicates that Taylor did raise the notice issue before the lower court. Specifically, Taylor's original petition provides that Manuel's eviction of Taylor, "was without notice of breach, without legal authority, and constitutes a breach of the lease by failing to *815 provide for peaceful possession of the subject premises." Moreover, while the trial court does not mention the issue of notice in its reasons, we assume that in the proper exercise of its authority it considered the matter before it prior to concluding the eviction was proper. Accordingly, we find the issue of notice is properly before this court.
Turning now to Taylor's arguments, we note that the terms of the lease agreement specifically waive the required legal notices to vacate the property. However, we decline to comment further on the issue of legal notice because we find that the contract of lease provides the resolution to this dispute.
A lease is a synallagmatic contract, to which consent alone is sufficient. La.Civ.Code art. 2669. The interpretation of a contract is the determination of the common intent of the parties. La.Civ. Code art. 2045. When the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made by the courts in search of the parties' intent. La.Civ.Code art. 2046. When the language of a contract is clear and unambiguous, a court must interpret the contract solely by reference to the four corners of the document. Woolf & Magee v. Hughes, 95-863 (La. App. 3 Cir. 12/6/95); 666 So.2d 1128, writ denied, 96-0073 (La.3/15/96); 669 So.2d 427. "The contract is the law between the parties, and no further interpretation may be made in search of the parties' intent when the words of the contract are clear, explicit and lead to no absurd consequences." Id. at p. 5; at 1131.
In this case, the lease contract clearly provides that if the Lessee violates any of the conditions of the lease, the Lessor must give written notice. The failure of the Lessee to remedy the violations within fifteen days of such notice gives the Lessor certain rights among which is the right to cancel the lease. Manuel did not send written notice to Taylor. Instead, he locked Taylor out of the leased property.
Therefore, under the terms of the contract Taylor was not in breach because the violations did not continue for fifteen days after notice. The trial court erred in finding a breach on the part of Taylor because he was denied the opportunity to remedy the alleged breach as provided in the contract.
By locking Taylor out of the leased premises, Manuel breached the lease contract by denying Taylor the opportunity to remedy the alleged violations as authorized by the lease. Moreover, he breached his obligation to cause Taylor to remain in peaceable possession of the premises during the continuance of the lease. La.Civ. Code art. 2692. Accordingly, the trial court erred in granting Manuel's reconventional demand for the eviction of Taylor.
Manuel's action in locking Taylor out of the leased premises constituted a wrongful eviction. Since only the issue of eviction was tried below, this matter must be remanded to the trial court for further proceedings.

CONCLUSION
For the foregoing reasons the judgment of the trial court is reversed. The case is remanded to the trial court for further proceedings. All costs of these proceedings are taxed to Appellee, Michael Manuel.
REVERSED AND REMANDED.