# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-0609


WILBERT ARNOLD

VERSUS

WAL-MART STORES, INC.


********\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - #3
PARISH OF CALCASIEU, NO. 01-00769
HONORABLE CONSTANCE ABRAHAM-HANDY
WORKERS' COMPENSATION  JUDGE

********\*

## MARC T. AMY
## JUDGE

********\*

Court composed of Ned E. Doucet, Jr., Chief Judge, Oswald A. Decuir, and Marc T. Amy, Judges.

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.


**Michael B. Miller**
**Post Office Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Wilbert Arnold**

**Charles Martin Kreamer, Sr.**
**Allen & Gooch**
**Post Office Box 3768**
**Lafayette, LA 70502-3768**
**(337) 291-1000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Wal-Mart Stores, Inc**.

AMY, Judge.

In this workers' compensation matter, the employee filed a disputed claim against his employer and its workers' compensation insurer, contending that the employer and its insurer had failed to approve the employee's orthopedic surgery and had neglected to properly pay workers' compensation benefits. The workers' compensation judge issued a ruling denying the employee's claims and dismissing the suit with prejudice. The employee filed the instant appeal. For the following reasons, we affirm in part, reverse in part, and remand.

## Factual and Procedural Background

Wilbert Arnold, the claimant herein, began working as a grocery stocker at the Wal-Mart Supercenter in Jennings, Louisiana, in January 2000. One of Mr. Arnold's duties in his capacity as a stocker was to unload meat trucks and to store this meat in Wal-Mart's freezer. On October 22, 2000, during the graveyard shift, Mr. Arnold slipped and fell as he attempted to push a pallet allegedly weighing 600-800 pounds and stacked 8-12 feet high with meat across an ice-covered freezer floor. At the disputed claim hearing on the matter, he explained that as a matter of course, it was necessary to "get a running start to push the pallet jack over the ice [on the freezer floor]," and he recalled that, in so doing, when he stepped onto the sheet of ice, he slipped, fell head over heels in somersault fashion, and landed, supine, on the freezer floor. Mr. Arnold noted in his statement to Wal-Mart's insurance adjuster that he then crawled to the door and pulled himself to his feet using a pole. He promptly informed his supervisor and the store manager that he had been injured, and he then proceeded to the emergency room of a nearby hospital, where he was treated and released. The record indicates that soon thereafter, Mr. Arnold visited Dr. Robert Marshall, who had been his family physician since 1999, presenting complaints of back pain. Although

Mr. Arnold's back pain eventually resolved itself, he began to experience considerable neck pain, which grew worse. On January 10, 2001, Mr. Arnold consulted Dr. John Cobb, an orthopedic surgeon in Lafayette, who recommended cervical discectomy, decompression, and fusion. Wal-Mart and Claims Management, Inc., its third-party claims administrator (hereinafter "CMI"), desired a second opinion as to the necessity of surgery, and the record reflects that they arranged for Dr. Randall Lea, an orthopedist in Baton Rouge, to examine Mr. Arnold. Dr. Lea's report indicates that he agreed with Dr. Cobb's finding that surgical fusion and decompression was warranted, opining that "surgery [was] needed for an acute aggravation of a degenerative condition."

On February 1, 2001, Mr. Arnold filed a disputed claim for compensation in which he alleged that Wal-Mart and CMI (hereinafter collectively "Wal-Mart") had not authorized surgery as recommended by Mr. Arnold's orthopedist. Mr. Arnold further asserted that Wal-Mart had neglected to pay workers' compensation benefits and had not properly provided medical treatment and workers' compensation. He also requested penalties and attorney's fees. A disputed-claim hearing was held on March 11, 2002. In August 2002, before a ruling was issued, the workers' compensation judge assigned to Mr. Arnold's case, passed away. A different workers' compensation judge was assigned to consider the matter. On February 24, 2003, the workers' compensation judge issued a ruling denying Mr. Arnold's claims and dismissing the complaint with prejudice.

Mr. Arnold asserts eleven assignments of error on appeal. Those assignments are as follows:

> 1. It was error for the hearing officer to fail to find that Mr. Arnold was injured in the course and scope of his employment with Wal-Mart and entitled to temporary total disability benefits.

2

2. The hearing officer erred in using "arbitrary and capricious conduct" as the standard for assessing attorney's fees.

3. It was error for the hearing officer to fail to include fringe benefits in the calculation of Mr. Arnold's average weekly wage and assess a penalty for the failure to properly pay weekly benefits.

4. The hearing officer erred in failing to assess penalties due to defendant's failure to timely pay Wilbert Arnold weekly compensation benefits for the weeks of June 15th through June 28th and June 29th through July 12th of 2001.

5. The hearing officer erred in failing to order Wal-Mart to pay for the prescription ordered by Dr. Mitchell and penalties for Wal-Mart's failure to pay for the prescription of Dr. Mitchell.

6. It was error for the hearing officer to fail to order Wal-Mart to pay for the mileage submitted on January 31, 2001 and assess a penalty against Wal-Mart for failure to pay the mileage request.

7. The hearing officer erred in failing to order Wal-Mart to pay the MRI bills to Jeff Davis Radiology and Jeff Davis Diagnostics and in failing to order Wal-Mart to pay a penalty as a result of its failure to pay those MRI bills.

8. The hearing officer erred in failing to assess penalties against Wal-Mart for failure to timely guarantee the surgery recommended by Dr. Cobb.

9. The hearing officer erred in failing to assess back due weekly compensation benefits due Wilbert Arnold as a result of the miscalculation of Mr. Arnold's average weekly wage and workers' compensation rate.

10. It was error for the hearing officer to fail to award attorney's fees due and expenses.

11. It was error to dismiss Mr. Arnold's case, with prejudice.

**Discussion**

On appeal, Mr. Arnold generally asserts that the workers' compensation judge erred in denying his claims against Wal-Mart and CMI. He claims that the workers' compensation judge erred as a matter of law in finding that Wal-Mart had properly calculated his average weekly wage, in applying an incorrect standard to his requests for penalties and attorney's fees, and in failing to assess attorney's fees and penalties for late payments of workers' compensation benefits. With respect to the other assignments of error, Mr. Arnold asserts that the workers' compensation judge erred as a matter of fact. He requests that we reverse and remand for the taking of further evidence on certain points.

In general, an appellate court is to review rulings issued in workers' compensation matters according to the manifest error—clearly wrong standard, set forth by the Louisiana Supreme Court in *Banks v. Industrial Roofing & Sheet Metal Works, Inc.*, 96-2840 (La. 7/1/97), 696 So.2d 551. Moreover, where errors of law are asserted on appeal, the appellate court must determine whether the workers' compensation judge's ruling was legally correct. *See McClain v. Pinecrest Development Center*, 00-1622 (La.App. 3 Cir. 2/28/01), 779 So.2d 1112.

*Failure to Find that Mr. Arnold was Injured in the Course and Scope of his Employment and was Therefore Entitled to Temporary Total Disability Benefits*

In his first assignment of error, Mr. Arnold alleges that the workers' compensation judge ruled contrary to the parties' pre-hearing stipulation as to the nature of the accident and entitlement to disability benefits when he failed to find that Mr. Arnold sustained a work-related injury and was entitled to temporary total disability benefits. Our examination of the record does not support Mr. Arnold's contentions. At the disputed-claim hearing, Wal-Mart did not contest Mr. Arnold's assertions that he sustained a work-related injury, and it did not dispute his entitlement to weekly compensation benefits. Therefore, this issue was not among those to be decided by the workers' compensation judge. Moreover, the ruling and the written reasons for judgment do not state that Mr. Arnold did not sustain a work-related accident or that he is not entitled to disability. This assignment is without merit.

*Failure to Employ the Correct Standard in Determining Entitlement to Penalties and to Attorney's Fees; Penalties for Delay in Payment of Benefits*

Mr. Arnold asserts that the workers' compensation judge erred in employing the "arbitrary and capricious" standard, set forth in *Williams v. Rush Masonry, Inc.*, 98-2271 (La. 6/29/99), 737 So.2d 41, in determining whether Wal-Mart's conduct in handling his claims warranted the imposition of penalties and attorney's fees. He maintains that the correct standard is found in *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 8 (La. 12/1/98), 721 So.2d 885, 889, *viz.*, that where benefits payments are late, penalties will be imposed unless "the employee's rights to benefits were reasonably controverted by the employer or his insurer or the nonpayment resulted from conditions over which the employer or insurer had no control."

In its recent decision in *Fontenot v. Reddell Vidrine Water Dist.*, 02-0439 (La. 1/14/03), 836 So.2d 14, the Louisiana Supreme Court revisited the issue of the proper standard to be employed in determining whether penalties and attorney's fees are appropriate where workers' compensation benefits have not been timely paid. In *Fontenot*, the supreme court reiterated its prior statements that the 1983 amendment of La.R.S. 23:1201 interpolated penalty provisions into the statutory language which

> replaced the arbitrary and capricious standard for the award of penalties to one of assessing penalties for untimely payment unless the employees [sic] rights to benefits were reasonably controverted by the employer or his insurer or the nonpayment resulted from conditions over which the employer or insurer had no control.

*Fontenot*, 02-0439, p. 9 (La. 1/14/03), 836 So.2d 14, 21. The supreme court has interpreted "reasonably controverted" to mean that "the defendant must have some valid reason or evidence upon which to base his denial of benefits." *Brown*, 721 So.2d at 890. More specifically, the Court explained,

> [The] court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical

5

> information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.

*Id.* It is important to note that, for the purposes of the instant appeal, the key difference between the "arbitrary and capricious" standard used by the workers' compensation judge and the "reasonably controverted" standard is one of nature of the employer's conduct. Mr. Arnold claims that certain compensation payments were *not timely made*, and therefore, La.R.S. 23:1201 is applicable; however, Wal-Mart argues that the payments in controversy were *partially discontinued*, thereby triggering the application of the "arbitrary and capricious" standard that, according to *Brown*, 721 So.2d at 889-90, still applies in cases of discontinued benefits under La.R.S. 23:1201.2.

Based upon our examination of the record, we find that the workers' compensation judge erred in employing the "arbitrary and capricious" standard in his evaluation of Mr. Arnold's claims. The record indicates that on two occasions, Mr. Arnold's compensation checks were $100 short, and, within a month of these occurrences, when the mistake was brought to Wal-Mart's attention, it immediately mailed Mr. Arnold a check for the difference. In our opinion, this $200 in benefits was paid late, thereby triggering La.R.S. 23:1201 and the "reasonably controverted" standard. It is clear from the record that Mr. Arnold received regular benefits checks, and, as such, they were never "discontinued."

It is apparent from the record that Wal-Mart insisted that a clerical error was the cause of Mr. Arnold's deficient payments. Nevertheless, Wal-Mart did not produce any evidence at trial that tended to show that the clerical error resulted from circumstances beyond its control, and it did not otherwise sufficiently controvert Mr. Arnold's arguments with respect to this issue. As such, the workers' compensation

6

judge erred in not awarding Mr. Arnold attorney's fees and penalties as a result of the late benefits payments. Accordingly, we remand the portion of this matter related to the two insufficient payments to the Office of Workers' Compensation for calculation of penalties pursuant to La.R.S. 23:1201(F). Furthermore, on remand, the workers' compensation judge shall assess a reasonable attorney's fee in this regard. For work performed on appeal in the pursuit of this claim, we award Mr. Arnold $2000.

In a related assignment of error, Mr. Arnold contends that the workers' compensation judge neglected to assess penalties against Wal-Mart for its tardy guarantee of surgery. He asserts that Dr. Cobb recommended surgery in his initial report, dated January 10, 2001, and Wal-Mart had sixty days in which to approve this surgery. However, Mr. Arnold claims, Wal-Mart did not approve the surgery until October 3, 2001, nearly nine months later. He insists that the workers' compensation judge should have assessed penalties and attorney's fees against Wal-Mart for its belated approval of the surgery.

The workers' compensation judge noted in his ruling that "the delay in authorizing the surgery recommended by Dr. Cobb was reasonable under the circumstances, and was by no interpretation of the definition arbitrary and capricious conduct on the part of [Wal-Mart]." Again, we find that the workers' compensation judge mistakenly applied the "arbitrary and capricious" standard to this late-authorization scenario instead of the "reasonably controverted" standard. In its post-trial memorandum, Wal-Mart noted that after it received word that Dr. Cobb had recommended surgery, it decided to "[exercise] its statutory right to have a second surgical exam and opinion provided by a doctor of its choice." Wal-Mart further explained that the circumstances surrounding its delayed approval of surgery were "out of [its] control:" for example, it had to work around both Dr. Lea's and Dr.

7

Cobb's "busy schedules" in setting appointments and scheduling the surgery itself. We find no manifest error in the workers' compensation judge's conclusion that the delay in authorizing surgery was reasonable. Although the workers' compensation judge applied the "arbitrary and capricious" standard in determining that Wal-Mart was not accountable for attorney's fees and penalties in this instance, we find that the overall result is correct. This assignment of error requires no action by this court.

In yet another related assignment of error, Mr. Arnold alleges that the workers' compensation judge erred in failing to order Wal-Mart to pay Jeff Davis Radiology and Jeff Davis Diagnostics for MRI services rendered in conjunction with this matter. Mr. Arnold asserts that he sent letters requesting payment, together with copies of the bills, to Wal-Mart on May 21, June 25, and September 5, 2001, all of which were ignored. He contends that, pursuant to La.Code Civ.P. art. 105, payment is an affirmative defense that must be pleaded, and Wal-Mart failed to plead payment. As such, he argues, he is entitled to penalties and attorney's fees.

We cannot divine from the record that Wal-Mart's failure to pay Mr. Arnold's MRI bills constituted a "discontinuation" of benefits such that the workers' compensation judge was correct in applying the "arbitrary and capricious" standard. As Wal-Mart argues in its response to Mr. Arnold's appeal, the record does not show that Mr. Arnold specifically raised the issue of an unpaid MRI bill in his pre-trial statement or in the answers that he provided to Wal-Mart's interrogatories. Because the unpaid MRI bill was first mentioned at the disputed-claim hearing, and because Wal-Mart was not given the opportunity to obtain and produce any evidence showing whether or when said bill had been paid, this issue was not properly before the court, and we find no error in the workers' compensation judge's refusal to award penalties and attorney's fees in this regard.

*Failure to Include Fringe Benefits in the Calculation of Mr. Arnold's Average Weekly Wage and Failure to Assess a Penalty for Improper Payment of Weekly Benefits*

Mr. Arnold contends that the workers' compensation judge erred in determining that Wal-Mart had properly calculated his average weekly wage (hereinafter "AWW"). Mr. Arnold claims that Wal-Mart omitted several fringe benefits in its calculation of his AWW, namely, holidays, sick days, vacation time, profit sharing/401(k) contributions, allowances for resource for living, and medical benefits. He requests that we remand on this issue with instructions to include these items in re-calculating his wage.

In his written reasons for judgment, the workers' compensation judge stated that according to Wal-Mart policy, profit-sharing and 401(k) benefits vest in employees after one year's service to the company, and such benefits were properly excluded from the calculation of Mr. Arnold's AWW. (The record indicates that Mr. Arnold had worked for Wal-Mart for a little over nine months when his accident occurred.) The workers' compensation judge noted that Wal-Mart had calculated Mr. Arnold's AWW by using his actual gross income, as well as earned wages from Wal-Mart's stock-option program, in which he participated. The judge found that Wal-Mart did not include any fringe benefits upon which Mr. Arnold did not pay federal income tax.

Support for Mr. Arnold's position with respect to this matter is found in *Belaire v. Don Shetler Olds Buick Chevrolet*, 02-1152 (La.App. 3 Cir. 6/4/03), 847 So.2d 723, in which a panel of this court held that an employee who was injured before benefits vested was nonetheless entitled to their inclusion in calculation of his average weekly wage because the parties had contemplated that such benefits would vest as part of the employment contract between them. However, in the present case, the record does not indicate that Mr. Arnold and Wal-Mart entered into a written contract of employment.

9

There is no guarantee that Mr. Arnold, as an at-will employee, would be with the company long enough to receive the benefits that he asserts should be included in calculations of his average weekly wage.

With respect to Mr. Arnold's argument that medical benefits should have been included in the calculation of his average weekly wage, we note that Mr. Arnold's accident occurred in 2000, and, at the time of his accident, La.R.S. 23:1021(10)(f) did not include its current provision for inclusion of medical benefits. The language upon which Mr. Arnold relies in his claim for their inclusion, "including but not limited to any amount withheld by the employer to fund any health insurance benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee's wage and average weekly wage," was added in 2001.

In *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992), the Louisiana Supreme Court held that the law in effect at the time of the injury governs an employee's compensation claim. We have been able to discern from *Moses v. Grambling State University*, 33,185 (La.App. 2 Cir. 5/15/00), 762 So.2d 191, *writ denied*, 00-1769 (La. 9/22/00), 768 So.2d 7285, that a jurisprudential rule was in effect in 1998 that allowed an employee to include employer-paid health insurance benefits in calculating his average weekly wage. However, this rule changed in 1999, when La.R.S. 23:1021(10)(f) was enacted. In its original form, La.R.S. 23:1021(10)(f) stated as follows:

> In the determination of "wages" and the average weekly wage at the time of the accident, no amount shall be included for any benefit or form of compensation which is not taxable to an employee for federal income tax purposes; however, any amount withheld by the employer to fund any non-taxable or tax deferred benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee's wage and average weekly wage.

This version of La.R.S. 23:1021(10)(f) was in effect in 2000, at the time of Mr. Arnold's accident. Later, in 2001, La.R.S. 23:1021(10)(f) was amended, and the following language was added to the end of the existing text:

> including but not limited to any amount withheld by the employer to fund any health insurance benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee's wage and average weekly wage.

The law in effect at the time of Mr. Arnold's accident did not allow health benefit premiums not taxable to the employee to be included in the calculation of average weekly wage.

Moreover, our examination of the Wal-Mart Associates Handbook reveals that similar vesting requirements exist for vacation time and similar fringe benefits. The workers' compensation judge's ruling on this issue is correct. This assignment is without merit.

*Failure to Assess Back Weekly Compensation Benefits Due Wilbert Arnold as a Result of the Miscalculation of Mr. Arnold's Average Weekly Wage and Workers' Compensation Rate*

Mr. Arnold further argues that the workers' compensation judge erred in failing to require Wal-Mart to pay back benefits occasioned by the improper calculation of his average weekly wage. He contends that such improper calculation resulted in deficiency in benefits that should have been awarded him at the disputed claim hearing. He requests that we remand for proper calculation of his average weekly wage and so that the workers' compensation judge might assess back benefits accordingly. Because we have determined that Mr. Arnold's average weekly wage was properly calculated, we do not address this particular assignment of error.

*Failure to Order Wal-Mart to Pay for the Prescription Ordered by Dr. Mitchell and Failure to Impose Related Penalties*

11

Mr. Arnold contends that the workers' compensation judge committed error in not ordering Wal-Mart to pay for a prescription for his work-related injury, prescribed by Dr. Mitchell, and likewise erred in not imposing penalties for this failure. According to Mr. Arnold's testimony at the disputed-claim hearing, he had attempted to fill a prescription for medicine for his work-related injury at the Wal-Mart pharmacy, but his prescription was rejected by the workers' compensation insurer. Mr. Arnold complains that the workers' compensation judge did not penalize Wal-Mart and CMI in connection with this rejection.

At the disputed-claim hearing on the matter, Mr. Arnold introduced a copy of the prescription rejection notice as Plaintiff's Exhibit 8. This rejection notice, dated 04/25/2001, bears the phrase, "COVERAGE TERMINATED," indicating that the prescription was rejected by Wal-Mart's insurer.

On appeal, Wal-Mart argues that this aspect of Mr. Arnold's claim was introduced on the morning of trial and that consequently, it did not have the opportunity to prepare rebuttal evidence. However, in its brief, Wal-Mart asserts that "there was no medical evidence from Dr. Marshall discussing this prescription, what is [sic] was for, and how it was related to the claimant's work accident," and maintains that, in any event, it had not arbitrarily and capriciously denied Mr. Arnold's claim.

In this instance, because Mr. Arnold had received prescription benefits prior to this "termination," the proper inquiry, pursuant to La.R.S. 23:1201.2, is whether Wal-Mart arbitrarily and capriciously discontinued benefits that were "due and arising." The burden of proof in such inquiries is on Mr. Arnold to show that this medication was prescribed for his work-related accident, that payment for the medication was "due and arising," and that Wal-Mart arbitrarily and capriciously refused payment.

12

The record is void of any evidence that would tend to show whether Mr. Arnold's workers' compensation benefits properly included payment for the rejected prescription. We do not find that the workers' compensation judge committed manifest error with respect to this particular issue.

*Failure to Order Wal-Mart to Pay for the Mileage Submitted on January 31, 2001 and to Assess a Corresponding Penalty*

Mr. Arnold asserts that the workers' compensation judge erred in failing to order Wal-Mart to reimburse him for mileage detailed in a letter dated January 31, 2001, and for failing to assess a corresponding penalty and attorney's fees against Wal-Mart.

Louisiana Revised Statutes 23:1203(D) provides, in pertinent part, that:

[T]he employer shall be liable for the actual expenses reasonably and necessarily incurred by the employee for mileage reasonably and necessarily traveled by the employee in order to obtain the medical services, medicines, and prosthetic devices, which the employer is required to furnish under this Section . . . . When the employee uses his own vehicle, he shall be reimbursed at the same rate per mile as established by the state of Louisiana for reimbursement of state employees for use of their personal vehicle on state business.

In the instant matter, no evidence was produced that showed that CMI had received Mr. Arnold's request for mileage. The record reflects that in another instance in which Mr. Arnold requested reimbursement for mileage, he was repaid. In the absence of this type of proof of demand, we find no error in the workers' compensation judge's denial of penalties and attorney's fees. Furthermore, although the workers' compensation judge applied the "arbitrary and capricious" standard in determining that Wal-Mart was not accountable for attorney's fees and penalties in this instance, we again find that the result is correct. This assignment of error requires no action by this court.

*Failure to Award Attorney's Fees Due and Expenses*

Mr. Arnold asserts that the workers' compensation judge erred in failing to award attorney's fees and expenses incurred in the prosecution of this matter. Pursuant to La.R.S. 23:1201, he argues, Wal-Mart is responsible for paying such fees and expenses.

Mr. Arnold is not entitled to attorney's fees and expenses with respect to those findings of the workers' compensation judge that we have affirmed in this opinion. As stated above, however, we remand for calculation of penalties and attorney's fees associated with the two payments that were deficient. These calculations are to be made pursuant to La.R.S. 23:1201(F) and *Brown*, 721 So.2d 885.

*Dismissal With Prejudice*

Mr. Arnold argues that the workers' compensation judge erred in dismissing his case with prejudice. Because we have determined that the issue of whether the trial court erred in failing to order Wal-Mart to pay the MRI bill was not properly before the court, we agree. The workers' compensation judge erred in dismissing Mr. Arnold's claim with prejudice when, due to the timing of two of Mr. Arnold's particular allegations, Wal-Mart had not had sufficient opportunity to gather evidence in its defense. In his written reasons for ruling, the workers' compensation judge stated, in pertinent part, that "IT IS FURTHER ORDERED AND DECREED that the disputed workers' compensation claim of Wilbert Arnold is without merit, and the same is hereby dismissed with prejudice and at Claimant's cost." Insofar as this language constitutes a blanket dismissal of Mr. Arnold's claims, the workers' compensation judge's ruling with respect to the adjudication of the MRI claims was improper. Moreover, we reverse the determination of dismissal with respect to the $200 deficiency in Mr. Arnold's benefit payments, which we remand for reasons stated above. As to Mr. Arnold's remaining claims, the dismissal with prejudice was not in error.

**DECREE**

For the foregoing reasons, the workers' compensation judge's ruling denying Mr. Arnold's requests for relief and dismissing his claim with prejudice is affirmed in part and reversed in part. We award $2000 to Mr. Arnold for attorney's fees on appeal, and we remand for calculation of penalties and attorney's fees for the two deficient compensation payments. One-half of the costs of this proceeding are assigned to the plaintiff, Wilbert Arnold, and the remaining costs are assigned to Wal-Mart.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**