# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 07-1536

**FRED DUCOTE**

**VERSUS**

**LOUISIANA INDUSTRIES, INC.**

\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 06-08356
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

**JAMES T. GENOVESE
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

**AFFIRMED.**

**Saunders, J., concurs in the result and assigns written reasons.**

**Jay A. Pucheu
Post Office Box 310
Marksville, Louisiana 71351
(318) 253-5080
COUNSEL FOR PLAINTIFF/APPELLANT:
    Fred Ducote**

**Stephen E. Broyles**
**Glusman, Broyles and Glusman, L.L.C.**
**Post Office Box 2711**
**Baton Rouge, Louisiana 70821**
**(225) 387-5551**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Louisiana Industries, Inc.**

**Stephen E. Broyles**
**Glusman, Broyles and Glusman, L.L.C.**
**Post Office Box 2711**
**Baton Rouge, Louisiana 70821**
**(225) 387-5551**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Louisiana Industries, Inc.**

**GENOVESE, JUDGE.**

Claimant appeals from a judgment of the office of workers' compensation denying his claim for multiple penalties as a result of the employer's failure to timely pay consecutive weeks of indemnity benefits. For the following reasons, we affirm.

## FACTS

The facts in this case are not in dispute. The matter was submitted to the workers' compensation judge (WCJ) for trial solely on the stipulated facts and briefs of the claimant, Fred Ducote, and his employer, Louisiana Industries, Inc. (Louisiana Industries).

The Joint Stipulation of Facts filed by the parties contains the following:

1. The only issues in dispute are the amounts of penalties and attorney's fees to be awarded for failure to pay indemnity benefits to Fred Ducote which are payable on a weekly basis.

2. Fred Ducote was injured on October 7, 1996 in an accident arising out of and in the course of his employment with Louisiana Industries, Inc.

3. Fred Ducote's average weekly wage was $354.28, making a weekly compensation rate with no wage earning capacity of $236.19.

4. Fred Ducote remained unemployed in November and December, 2006.

5. Disability benefits have been paid to Fred Ducote since his injury; however, the third party administrator for Louisiana Industries, Inc. made a clerical error and was late in paying some disability benefits to Fred Ducote.

6. Specifically, disability benefits covering the period 11-9-06 to 12-27-06 were paid on December 27, 2006 by a check in the amount of $1,653.33.

7. On March 6, 2007[,] Louisiana Industries, Inc. made an unconditional tender of $2,750[.00], $2,000[.00] for penalties and $750[.00] for attorney's fees, for the late payment of benefits. A credit in this amount is due Louisiana Industries, Inc. on any penalties and attorney's fees awarded in this dispute.

1

Mr. Ducote filed a Disputed Claim for Compensation (1008) on December 11, 2006, alleging that Louisiana Industries failed to timely pay several weeks of indemnity benefits. Mr. Ducote sought a penalty for each indemnity check that was untimely paid by the employer as well as attorney fees. Louisiana Industries answered, contending that no additional amounts were owed to Mr. Ducote considering the previous and unconditional tender of $2,750.00. The matter proceeded to trial solely on the issue of the number of penalties which may be awarded to Mr. Ducote for the untimely payment of weekly benefits and the amount of attorney fees to which he was entitled.

The WCJ rendered judgment in favor of Mr. Ducote in the amount of a $2,000.00 penalty and $750.00 in attorney fees. The judgment recognized Louisiana Industries' entitlement to a credit for the $2,000.00 penalty and $750.00 in attorney fees which had been previously and unconditionally tendered. It is from this judgment that Mr. Ducote appeals.

## ASSIGNMENT OF ERRORS

Mr. Ducote presents the following issues for our review:

1. The Trial Court erred in its interpretation of existing jurisprudence and in failing to award a penalty on each late payment from the time it was due until paid where the claim was never contested by the employer.

2. The Trial Court erred in failing to award a separate set of penalties and attorney's fees for the failure of the employer to timely correct its error and reinstitute payment of benefits once its error was brought to the attention of employer.

## LAW AND DISCUSSION

The decision of a trial court to award penalties and attorney fees in a workers' compensation case is subject to the manifest– error clearly wrong standard of review.

2

*Romero v. Garan's, Inc.*, 05-1297 (La.App. 3 Cir. 4/19/06), 929 So.2d 258. "However, when there are errors of law asserted on appeal, the appellate court must make a determination of whether the workers' compensation judge's ruling was legally correct." *Trahan v. City of Crowley*, 07-266, p. 3 (La.App. 3 Cir. 10/3/07), 967 So.2d 557, 560 (citing *Metoyer v. Roy O. Martin, Inc.*, 03-1540 (La.App. 3 Cir. 12/1/04), 895 So.2d 552, *writ denied*, 05-1027 (La. 6/3/05), 903 So.2d 467; *McClain v. Pinecrest Dev. Ctr.*, 00-1622 (La.App. 3 Cir. 2/28/01), 779 So.2d 1112; *Miller v. Blacktype Farms*, 06-1202 (La.App. 3 Cir. 3/7/07), 952 So.2d 867). In the case at bar, as set forth above in the stipulation of facts, there are no factual disputes. Rather, the present matter involves purely a question of law. Consequently, in deciding whether Mr. Ducote is entitled to a separate penalty for each late payment of indemnity benefits, we must determine whether the WCJ was legally correct in his application of La.R.S. 23:1201(F).[1]

Louisiana Industries does not dispute Mr. Ducote's entitlement to indemnity benefits. The weeks of nonpayment of Mr. Ducote's indemnity benefits were due solely to a clerical error. The jurisprudence is clear that a clerical error does not excuse the nonpayment of benefits, and an employer is subject to a penalty for same.

---

[1]Louisiana Revised Statutes 23:1201(F) provides, in pertinent part, as follows:

Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing. . . .

3

*Alexander v. Autozone, Inc.*, 04-871 (La.App. 3 Cir. 12/8/04), 889 So.2d 366; *Belaire v. Don Shetler Olds Buick Chevrolet*, 02-1152 (La.App. 3 Cir. 6/4/03), 847 So.2d 723; *Fisher v. Lincoln Timber Co.*, 31,430 (La.App. 2 Cir. 1/24/99), 730 So.2d 973.

What we are called upon to decide is the number of penalties which may be imposed for the nonpayment of indemnity benefits over a six-week period. Mr. Ducote asserts that each week of the six weeks that his indemnity benefits went unpaid "constitutes a new claim" thereby entitling him to multiple penalties. We disagree with Mr. Ducote's interpretation of La.R.S. 23:1201(F).

In *Fontenot v. Reddell Vidrine Water District*, 02-439, p. 18 (La. 1/14/03), 836 So.2d 14, 27, our supreme court interpreted La.R.S. 23:1201(F) as providing "multiple penalties for multiple violations of compensation and medical benefits claims." However, the supreme court left it to the office of workers' compensation and the appellate courts to "ferret out" what actions by the employer warranted the imposition of separate penalties. *Id.* at 26.

When presented with a claim for multiple penalties, the first circuit made the following observation:

> From these cases, we can glean the following guidelines: bills from different medical providers can be considered as separate claims; failure to authorize a surgery by a particular doctor can be considered a separate claim from other treatment costs by the same doctor; the mileage expense associated with treatment by a particular provider is part of the claim for payment of that provider's treatment; incorrect calculation of a benefit amount is a separate claim from the failure to actually pay benefits; and that reduction of a benefit amount constitutes yet another separate claim on which penalties may be imposed.

*Juracovich v. St. Anne Gen. Hosp.*, 04-1323, p. 4 (La.App. 1 Cir. 6/10/05), 916 So.2d 264, 266, *writ denied*, 05-1819 (La. 1/27/06), 922 So.2d 552. Notably, in *Juracovich*, the first circuit opined "that only one penalty is due for the failure to pay

4

compensation benefits, and [we] reject plaintiff/appellee's assertion that a separate penalty is due for each week compensation benefits remained unpaid." *Id.* at 267, n.1.

The second circuit reached the same conclusion in *Player v. International Paper Co.,* 39,254, p. 12 (La.App. 2 Cir. 1/28/05), 892 So.2d 781, 789, wherein the court reasoned that "[a]lthough the *Fontenot* case allows the imposition of multiple penalties for multiple violations of workers' compensation benefits, we do not believe that it allows penalties for each and every week of missed benefits. . . ." Rather, "*Fontenot* allows penalties for each claim or 'demand for particular benefits.'" *Id.* (quoting *Fontentot*, 836 So.2d at 25). Consistent therewith, the second circuit reached the same result in *Taylor v. Hollywood Casino*, 41,196 (La.App. 2 Cir. 6/28/06), 935 So.2d 293. Citing *Player*, the court in *Taylor* reiterated that although "La.R.S. 23:1201(F) allows multiple penalties [it] does not contemplate that a claimant can be awarded a separate penalty for each missed week of indemnity benefits." *Id*. at 299.

Mr. Ducote seeks to distinguish the above cases. He notes that said cases differ in that indemnity benefits were never instituted by the employer; whereas, in the instant matter, he had been receiving indemnity benefits when they ceased due to a clerical error. While Mr. Ducote is correct that the jurisprudence does make a distinction between the discontinuance of benefits and the untimely payment of benefits, such is relevant only in the context of the applicable standard to be applied by the trier of fact when deciding a claim for penalties and attorney fees.[2] We do not

---

[2]See for example, *Arnold v. Wal-Mart Stores*, 03-609 (La.App. 3 Cir. 11/5/03), 858 So.2d 776, *writ denied*, 03-3347 (La. 3/19/04), 869 So.2d 850, where this court reasoned that, if benefits are paid late, the determination to be made is whether the employer "reasonably controverted" the claim, as opposed to whether the employer's conduct was "arbitrary and capricious" in its discontinuance of benefits.

5

find this distinction to be germane to the issue of how many penalties may be imposed when an employer fails to pay more than one week of indemnity benefits. Additionally, in considering a claim for penalties and attorney fees, we are mindful that "[a]lthough the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed." *Williams v. Rush Masonry, Inc.*, 98-2271, p. 9 (La. 6/29/99), 737 So.2d 41, 46 (citing *Int'l Harvester Credit v. Seale*, 518 So.2d 1039 (La.1988)).

This circuit has not yet addressed the specific issue presently before the court. However, previous decisions of this court involving multiple penalty claims are instructive. For example, in *Maricle v. Sunbelt Builders, Inc.*, 05-398 (La.App. 3 Cir. 11/2/05), 916 So.2d 1226, *writ denied*, 05-2506 (La. 3/31/06), 925 So.2d 1261, the WCJ awarded the claimant a $2,000.00 penalty for the late payment of indemnity benefits. Noting that "the evidence showed that several weeks of compensation were later paid in a lump sum amount," this court affirmed the WCJ's award "[g]iven the untimely payment of these benefits." *Id*. at 1233. Thus, in that instance, despite the nonpayment of several weeks of compensation, this court affirmed a single $2,000.00 penalty.

Also instructive are the previous decisions of this court wherein we concluded that certain actions by the employer constituted a "single violation." This analysis, used in determining when multiple penalties are warranted, was noted with approval in *Fontenot,* wherein our supreme court noted the following:

> Exemplifying such ability is the Third Circuit's rejection of *Haynes's* request for certain medical expense payments in the present case. In *Haynes*, the appellate court correctly observed:
>
>> We reject Haynes's contention that separate penalties should have been awarded for each of the medical bills

6

> incurred at Cabrini Hospital on the date of the accident and for the February 1, 2000 visit to Dr. Genoff and the related travel expenses. LUBA's actions regarding the Cabrini bills are essentially a **single violation**, and its failure to pay the bill for the visit to Dr. Genoff and the related travel expenses is essentially a **single violation**.
>
> *Haynes*, 805 So.2d at 232.

*Fontenot*, 836 So.2d at 26, n.12 (emphasis added).

Similar reasoning was applied in *Sigler v. Rand*, 04-1138, p. 13 (La.App. 3 Cir. 12/29/04), 896 So.2d 189, 197, *writ denied*, 05-278 (La. 4/1/05), 897 So.2d 611, wherein we found "no error in the WCJ's decision to 'ferret out' the penalties by concluding that [the employer's] violation was a single, ongoing one resulting in only one penalty award." Citing *Sigler*, we subsequently found that an employer's "failure to pay medical benefits was an ongoing violation, which resulted in only one penalty award." *Wyble v. Acadiana Preparatory Sch.*, 07-91, p. 10 (La.App. 3 Cir. 5/2/07), 956 So.2d 722, 728, *writ denied*, 07-1178 (La. 9/14/07), 963 So.2d 1004. Although more than one incidence of nonpayment occurred, it remained a "single violation" which subjected the employer to the imposition of one penalty under La.R.S. 23:1201(F).

Based upon the foregoing, we find that the WCJ was legally correct in awarding Mr. Ducote a single penalty for the failure of Louisiana Industries to pay six weeks of indemnity benefits. Therefore, we affirm the judgment in favor of Mr. Ducote in the amount of a $2,000.00 penalty and $750.00 in attorney fees. We likewise affirm the trial court's ruling that Louisiana Industries is entitled to a credit on said judgment in the amount of $2,000.00 against the penalty and $750.00 against the attorney fees which were previously and unconditionally tendered to Mr. Ducote.

In addition to seeking multiple penalties for each week of indemnity benefits

not timely paid by Louisiana Industries, Mr. Ducote seeks an additional penalty award for the failure of the employer to timely correct its own clerical error. However, the record reflects that this issue was not raised in the trial court. As such, this issue is not properly before this court and, therefore, will not be considered. Uniform Rules—Courts of Appeal, Rule 1–3; *Taylor v. Manuel*, 01-653 (La.App. 3 Cir. 10/31/01), 799 So.2d 812 (citing *Williamson v. St. Francis Cabrini Hosp. of Alexandria*, 99-1741 (La.App. 3 Cir. 5/10/00), 763 So.2d 50, *writ denied*, 00-2149 (La. 10/6/00), 771 So.2d 83).

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed in all respects. Costs are assessed against the Plaintiff, Fred Ducote.

**AFFIRMED.**

8

NUMBER 07-1536

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

FRED DUCOTE

VERSUS

LOUISIANA INDUSTRIES, INC.

**Saunders, J., concurs in the result and assigns written reasons**.

I agree with the result reached by the majority opinion, however, I feel that the following analysis is more appropriate as it is unclear to me from the language of the majority opinion whether it is ever acceptable to award an employee multiple penalties for multiple indemnity payment being missed by an employer. I submit that it is.

I feel that in formulating the process by which our Supreme Court wishes us to "ferret out" the deserving from the undeserving, we should start with the premiss that the employer has a statutory duty to pay compensation timely. This duty is a recurring duty, the violation of which can subject the employer to recurring penalties. I feel that we know this to be true as, otherwise, there would never be any need to "ferret out" those violations that would justify the imposition of multiple penalties on an employer.

Our next inquiry should be to determine the circumstances where an employer might be relieved of the very harsh results of having to pay multiple penalties. We should answer this inquiry by reference to the concept of "equitable defenses." Well established in the area of labor/management law, "equitable defenses" is relevant in the strongly analogous area of penalty wages contained in La.R.S. 23:632.

Louisiana Revised Statute 23:632, in pertinent part, states:

Any employer who fails or refuses to comply with the provisions of La.R.S. 23: 631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.

The penalties imposed on a delinquent employer can be modified or tempered if that employer can put forth an equitable defense. An equitable defense was originally defined by this court in *Becker v. Choate*, 204 So.2d 680, 683-84 (La.App. 1968) (Reversed on other grounds.), by the following:

> While cases on this point generally state that La.R.S. 23:632 is subject to "equitable defenses," we are of the opinion that the word "defenses" does not mean a "defense" in the strict sense of the word . Rather, the tenor of these cases seems to indicate that the court will refuse to assess penalties and attorneys' fees where the facts of the particular case strongly indicate that greater justice will be attained by such refusal. These facts then become equitable considerations, or "defenses" in a loose sense of the word, which will move the court to deny the penalties.

*Becker* was overruled in *Carriere v. Pee Wee's Equipment Co.*, 364 So.2d 555, with regards to whether attorney's fees imposed under La.R.S. 23:632 actions were mandatory. However, in *Carriere*, Justice Tate, when discussing when to administer penalty wages, opined that when an employer puts forth "a good-faith non-arbitrary defense to liability for unpaid wages, i.e., a reasonable basis for resisting liability. . ." a demand for penalty wages "was properly rejected."

Therefore, the burden of proving that penalties are improper is on the delinquent employer. If that employer cannot vindicate its actions, then it must pay penalties.

In the case before us, we have an employee who was receiving weekly disability benefits for over the 520 week statutory maximum. He only stopped receiving those benefits for seven weeks due to a clerical error. Once the employer

2

realized the error, prior to being notified of any claim filed by the employee, it tendered, in full, the benefits it owed to the employee, $2,000.00 in penalties, and $750.00 in attorney's fees. The record before us clearly shows that the discontinuance of benefits was based upon a good faith belief that the employer had exceeded the number of maximum weekly compensation payments, and that no more were due.

Once the employer realized its mistake, it again showed good faith by reinstating benefits and also tendering, past benefits due, penalties and attorney's fees. Under these circumstances it is clear that the employer was not intentionally violating its statutory duty nor was it indifferent to the welfare of the employee, and, thus, established his equitable defense of good faith and fair dealing. Accordingly, I agree with the majority in finding that multiple penalties are not warranted in this case.