STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 23-94


KARESSA L. THIBODEAUX

VERSUS

HIGH HOPE CARE CENTER


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 22-02182
CHRISTOPHER T. LEE, WORKERS' COMPENSATION JUDGE

**********

**GUY E. BRADBERRY**
**JUDGE**

**********

Court composed of Gary J. Ortego, Ledricka J. Thierry, and Guy E. Bradberry, Judges.


**REVERSED AND RENDERED.**

**Thomas E. Townsley**
**711 Pujo Street**
**Lake Charles, LA 70601**
**(337) 430-0994**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Karessa L. Thibodeaux**

**Patrick A. Johnson**
**Parker and Landry**
**4023 Ambassador Caffery, #320**
**Lafayette, LA 70503**
**(337) 362-1602**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **High Hope Care Center**

**BRADBERRY, Judge.**

In this workers' compensation matter, Karessa Thibodeaux appeals the decision of the workers' compensation judge (WCJ) below denying her penalties and attorney fees for the denial of surgery to repair a shoulder injury sustained as a result of a workplace accident. For the following reasons, we hereby reverse the decision of the trial court and render judgment.

On June 15, 2017, Ms. Thibodeaux was working for High Hope Care Center when she slipped and fell on a freshly mopped floor. She injured her back and right knee directly in the accident. She was awarded workers' compensation benefits as a result of a trial on that matter. In June of 2019, Ms. Thibodeaux filed a new suit alleging that due to her original injuries, her legs gave out, resulting in another fall injuring her neck, left shoulder, arm, and wrist. Prior to trial, the parties stipulated to the injuries and that they were causally related to the original accident.

On March 15, 2022, Ms. Thibodeaux's orthopedic surgeon, Dr. Brett Cascio, sought approval from High Hope's insurer for a laparoscopic labrum repair surgery for her shoulder, along with physical therapy and other post-operative needs. When no response was received from High Hope's insurer, Dr. Cascio filed a form 1009 with the office of workers' compensation medical director seeking authorization for the surgery. That form 1009 was denied by the medical director, who claimed that the submitted documents did not show Ms. Thibodeaux met the Medical Treatment Guidelines, claiming there was no showing made of conservative treatment prior to surgery. Ms. Thibodeaux then filed the current form 1008 with the WCJ. After a trial on the matter, the WCJ found that Ms. Thibodeaux had shown clear and convincing evidence that the medical director's

decision should be reversed and that she was entitled to surgery. However, despite awarding costs against High Hope, the WCJ found that "the record does not support an award of penalties and attorney fees." From that decision, Ms. Thibodeaux appeals.

The sole assignment of error before this court is Ms. Thibodeaux's assertion that the WCJ erred in denying penalties and attorney fees. We agree.

Louisiana Revised Statutes 23:1203(A) requires an employer to furnish an injured worker with "all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal." "It is well settled that the failure to authorize or pay for medical treatment equates to the failure to furnish benefits, which can subject an employer to penalties and attorney fees." *Romero v. Garan's, Inc.*, 13-482, p. 3 (La.App. 3 Cir. 8/6/14), 145 So.3d 1120, 1122. Louisiana Revised Statutes 23:1201(F) provides that a claimant is entitled to an award of penalties and attorney fees for an employer's failure to pay compensation or medical benefits unless the employer has reasonably controverted the claim. An employer reasonably controverts a claim when it provides sufficient factual and/or medical information to present an articulable and objective reason to deny payment at the time it took action. *Calhoun v. Sanderson Farms, Inc.*, 22-478 (La.App. 1 Cir. 12/16/22), 357 So.3d 354. Whether an employer reasonably controverted a claim is a question of fact that is subject to the manifest error standard of review. *Id*; *Ducote v. Louisiana Indus., Inc.*, 07-1536 (La.App. 3 Cir. 4/2/08), 980 So.2d 843. "To avoid penalties and attorney[']s fees for the nonpayment of benefits, the employer or insurer is under a continuing duty to investigate, to assemble, and to assess factual information before denying benefits." *George v. Guillory*, 00-591, p.

13 (La.App. 3 Cir. 11/2/00), 776 So.2d 1200, 1209, *overruled on other grounds*, *Smith v. Quarles Co.*, 04-179 (La. 10/29/04), 885 So.2d 562.

Here, the medical director initially denied the surgery Dr. Cascio sought for Ms. Thibodeaux, noting that the submitted documents did not support surgery "without a trial of conservative therapy as per the guidelines." However, the record actually shows that in 2019, a full three years prior to the filing of the form 1010 at issue, Ms. Thibodeaux had received multiple steroid injections in her shoulder from Dr. Cascio. Both shots included lidocaine. The first of these shots gave roughly twenty-four hours of complete relief. In deposition, Dr. Cascio testified that those injections would be considered conservative treatment. There is nothing in the record to dispute that assertion. Moreover, Ms. Thibodeaux was also seen multiple times in 2018 by Dr. Jerome Arimura. His medical records indicate that Ms. Thibodeaux continued "to experience severe pain" in her shoulder "[d]espite conservative therapy." The record further indicates that Ms. Thibodeaux received chiropractic therapy on her shoulder multiple times in 2018 and 2019 at Advanced Medical and Diagnostic Center. Dr. Cascio asserted that chiropractic therapy along with the injections he administered were sufficient conservative therapy to justify surgery. The WCJ below obviously agreed.

High Hope presented a second medical opinion from Dr. Matthew Williams stating that he believed Ms. Thibodeaux should only receive surgery if an intraarticular injection of lidocaine "demonstrate[d] near complete relief of her shoulder symptoms." His review of Dr. Cascio's records indicated that the prior steroid injections had provided no relief. However, Dr. Cascio's records clearly show that Ms. Thibodeaux did receive twenty four hours of complete relief, which according to Dr. Cascio, was an indicator that surgery would be an effective

3

treatment for her injury. While Dr. Cascio did not give the specific intraarticular injection suggested by Dr. Williams, he believed the shots he had administered were sufficient to meet the guidelines and testified that the shot recommended by Dr. Williams was effectively indistinguishable from the ones he had already given.

The medical records in this case are clear that Ms. Thibodeaux had treatment that should be considered conservative in the injections and chiropractic treatment prior to the denial of the surgery by High Hope, who clearly had the information before them at the time of their decision to deny the surgery. Had High Hope performed its continuing duty to investigate, to assemble, and to assess factual information before denying benefits, it would have known that conservative treatment had indeed been performed on Ms. Thibodeaux. Accordingly, we find that the trial court erred in denying her penalties and attorney fees for High Hope's denial of her surgery. We hereby award Ms. Thibodeaux $5,000 in attorney fees for the denial of her surgery.

While Ms. Thibodeaux seeks multiple penalties for High Hope's alleged denial of multiple *post-operative* treatment and devices such as an ice machine or a sling, we note that those items and treatments are part and parcel with the surgery itself and are not separate items denied by High Hope, which would garner further penalties.[1] Those requested benefits all require the surgery itself to be necessary. Moreover, only one thing was sought in her form 1008, the arthroscopic surgery itself, and only that one thing was denied by High Hope. Therefore, we only award $2,000 in penalties for the denial of the surgery.

---

[1] See *Ducote*, 980 So.2d 843; *Wyble v. Acadiana Preparatory Sch.*, 07-91 (La.App. 3 Cir. 5/2/07), 956 So.2d 722, *writ denied*, 07-1178 (La. 9/14/07), 963 So.2d 1004.

Ms. Thibodeaux also requests additional attorney fees for work done on appeal. It is well-established that a workers' compensation claimant who is successful on appeal may be entitled to an award of additional attorney fees for work done on the appeal. *McCain v. Motel 6*, 19-653 (La.App. 3 Cir. 3/4/20), 297 So.3d 136, *writ denied*, 20-764 (La. 10/6/20), 302 So.3d 535. Ms. Thibodeaux was clearly successful in this appeal. As such, we award her an additional $5,000.00 in attorney fees for work done on appeal.

For the above reasons, we hereby reverse the decision of the WCJ below. We hereby render judgment awarding Ms. Thibodeaux $2,000 in penalties and $5,000 in attorney fees for the denial of her shoulder surgery. We further award an additional $5,000 in attorney fees for work done on this successful appeal. Costs of this appeal are hereby assessed against High Hope.

**REVERSED AND RENDERED.**