STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-680

JAMES BURNETT, SR.

VERSUS

VILLAGE OF ESTHERWOOD

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 4,
PARISH OF LAFAYETTE, NO. 07-03423
HONORABLE SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Elizabeth A. Pickett, J. David Painter, and James T. Genovese, Judges.

REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.

Michael B. Miller, Attorney at Law
P.O. Box 1630
Crowley, LA 70527
Counsel for Plaintiff-Appellant:
    James Burnett, Sr.

Christopher R. Philipp, Attorney at Law
P.O. Box 2369
Lafayette, LA 70502
Counsel for Defendant-Appellee:
    Village of Estherwood

**PAINTER, Judge.**

Plaintiff, James Burnett, Sr., appeals the judgment of the Workers' Compensation Judge (WCJ) setting the amount of his temporary total disability (TTD) benefits at $34.62 per week. Defendant, the Village of Estherwood, has answered the appeal, asserting that the awards of penalties and attorney's fees imposed by the WCJ is excessive. For the following reasons, we reverse the judgment of the WCJ's setting Burnett's average weekly wage and amount of TTD benefits, affirm the award of penalties and attorney's fees, and render judgment setting TTD benefits at $41.35 per week.

## FACTUAL AND PROCEDURAL BACKGROUND

Burnett was the long-time Chief of Police for the Village of Estherwood, having been elected to that position in 1986. He alleges that while in the course and scope of his employment as Chief of Police, on May 25, 2006, he was injured in a fall down some steps that occurred when leaving a home where he was investigating a claim. As a result of those injuries, Burnett alleges that he now requires the use of a wheelchair for mobility; has had to undergo two major neck surgeries, a left shoulder surgery, and a left knee surgery; and has gone from working several jobs to not being able to earn any income. The 1008 filed by Burnett indicates that his last day of work as Chief of Police was December 31, 2006. It is noteworthy that in 1979, Burnett was paralyzed for several months after falling from a horse. However, within two years, he began walking again without assistance and was able to return to the workforce.

Burnett filed a disputed claim for compensation, and the matter proceeded to trial. The parties stipulated that pursuant to ordinance, Burnett was paid $50.00 per

1

month as the elected Chief of Police and also received $100.00 per month in supplemental pay from the Acadia Parish Sheriff's Office. Following trial, the WCJ found that Burnett was injured in the course and scope of his employment with the Village of Estherwood and was entitled to TTD benefits in the amount of $34.62 per week from January 1, 2007. The WCJ also awarded penalties in the total amount of $8,000.00, attorney's fees in the amount of $10,000.00, and expenses in the amount of $905.25.

Burnett now appeals, asserting that the WCJ erred in setting his TTD benefits at $34.62 and seeking an increase to the statutory minimum for hourly employees of $121.00 per week. The Village of Estherwood has answered the appeal, contesting the award of penalties and the amount of attorney's fees. For the following reasons, we reverse the WCJ's ruling with respect to the amount of TTD benefits and affirm the awards of penalties and attorney's fees. We render judgment setting TTD benefits at $41.35 per week and awarding $2,000.00 in attorney's fees for work done on appeal.

**DISCUSSION**

Burnett avers that he had several jobs in addition to his job as Chief of Police. Apparently, as Chief of Police, Burnett was on call twenty-four hours a day and had no set work hours. Part of his job as Chief of Police was to testify in court when subpoenaed. His W-2 income tax form for 2006 shows that Burnett received $350.00 for his in-court testimony. Additionally, he was employed doing yard work and house cleaning; however, he was unable to establish his earnings from those endeavors. He was also employed by Don Shetler Motors and Shetler-Corley Motors to provide janitorial services. He was paid $40.00 per week for those services. Based

on these amounts, Burnett asserts that his average weekly wage would be $126.35 per week and that two-thirds of that amount would be $84.23, which is less than the statutory minimum of $121.00 set by La.R.S. 23:1202. Burnett, therefore, seeks a weekly compensation rate of $121.00. He argues that the rule for hourly employees should be used such that his income from the "successive" employers would be considered in determining his compensation rate because he earned two-thirds of his income from those "successive" employments. In the alternative, Burnett asserts that at least his income from in-court testimony should have been used in computing his TTD benefits such that his average weekly wage would be $41.35.

Burnett asserts that the WCJ erred in failing to apply La.R.S. 23:1021(12)(a)(iv)(bb) to consider the amounts earned from his "successive" employments. The WCJ refused to apply that provision because it applies only to hourly employees, and Burnett was a monthly employee.

Louisiana Revised Statutes 23:1021 provides, in pertinent part, as follows:

(12) "Wages" means average weekly wage at the time of the accident. The average weekly wage shall be determined as:

**(a) Hourly wages.**

(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater; or

(ii) If the employee is paid on an hourly basis and the employee was offered employment for forty hours or more but regularly, and at his own discretion, works less than forty hours per week for whatever reason, then, the average of his total earnings per week for the four full weeks preceding the date of the accident; or

(iii) If the employee is paid on an hourly basis and the employee is a part-time employee, his hourly wage rate

3

multiplied by the average actual hours worked in the four full weeks preceding the date of the injury.

(iv) A part-time employee, as defined in R.S. 23:1021(9) and who is employed by two or more different employers in two or more successive employments, shall be entitled to receive benefits as follows:

(aa) If an employee is employed by two or more different employers in two or more successive employments and the employee incurs a compensable injury under the provisions of this Chapter in one of the employments, the employer in whose service the employee was injured shall pay the benefits due the employee as provided in this Chapter.

(bb) If the employee is a part-time employee in one of the successive employments, is injured in that employment, but as a result of the injury also incurs loss of income from other successive employments, that employee shall be entitled to benefits computed by determining wages under the provisions of this Subsection using his hourly rate in employment at the time of injury and using the total hours worked for all employers of the part-time employee, but not to exceed his average, actual weekly hours worked or forty hours weekly, whichever is less.

. . . .

**(b) Monthly wages.** If the employee is paid on a monthly basis, his monthly salary multiplied by twelve then divided by fifty-two.

All parties agreed that Burnett's situation was unique as he had no set hours and was neither a full-time nor a part-time employee of the Village of Estherwood. Defendant argues that Burnett was clearly a monthly employee whose monthly wage was set by ordinance and that the federal minimum wage law does not apply to this category of employee. Thus, Defendant argues that the WCJ was correct in setting the TTD benefits at $34.62 per week.

While we are sympathetic with Burnett's plight, we cannot ignore the facts that he is a monthly employee and that the current law makes no provision for cumulating

4

the additional income from other employment for a monthly employee. Burnett's situation does not squarely fit within the legislature's reasoning for not making the "successive" employment provisions applicable to monthly employees because he earned the majority of his income from the "successive" employment rather than from his monthly employment. This apparent flaw in the statute must be addressed by the legislature. However, we do find that the WCJ erred in not considering the amount Burnett received from his in-court testimony as part of his duties as Chief of Police. Accordingly, we find that his TTD benefits are $41.35.

A WCJ's decision to award penalties and attorney's fees is subject to the manifest error standard of review. *Bolton v. Mike Fleming Const.*, 36,521 (La.App. 2 Cir. 12/11/02), 833 So.2d 1177.

In this case, the WCJ awarded a total of $8,000.00 in penalties including three $2,000.00 penalties for failure to pay mileage submissions dated October 4, 2007, March 10, 2008, and June 18, 2008, and a $2,000.00 penalty for failure to pay indemnity benefits. Defendant argues that only one $2,000.00 penalty should have been imposed with respect to the mileage submissions and does not contest the $2,000.00 penalty for failure to start disability benefits. However, in brief, Defendant admits that the October 4 and March 10 submissions were "probably" underpaid and that the June 18 submission was not paid until more than sixty days after it was submitted. However, Defendant would have us find that its handling of the mileage submissions warrants only one penalty and cites *Ducote v. Louisiana Industries, Inc.*, 07-1536 (La.App. 3 Cir. 4/2/08), 980 So.2d 843, wherein this court held that a claimant was not entitled to recover multiple penalties for each week the employer failed to pay indemnity benefits for six weeks due to a clerical error. In the *Ducote*

5

case, however, there was one act by the employer (i.e., the clerical error) that caused the non-payment to occur for six weeks. In this case, there were three separate mileage submissions which were either underpaid or paid late for different reasons. Multiple penalties for multiple violations are allowed by statute. *See* La.R.S. 23:1201(F). We agree with the WCJ in her finding that there were three separate acts in this case such that three separate penalties are warranted.

The WCJ also awarded $10,000.00 in attorney's fees. Defendant argues that this amount is excessive since the case involved taking only one deposition, filing a 1008, responding to one set of discovery, and appearing for a trial that lasted, at most, four hours. Defendant also asserts that the issues in this case were not so complex as to require unusual skill or require an extraordinary amount of time for preparation. In fixing this award, the WCJ stated that since the employer had denied compensation from the inception of the case, the attorney had to prosecute the whole case to get the indemnity benefits. The affidavit submitted by Burnett's attorney indicated that he had expended a total of ninety-fours of work on this case. We find attorney's fees in the amount of $10,000.00 are reasonable in this case.

Thus, we find no manifest error in the WCJ's imposition of penalties and attorney's fees and affirm the WCJ's ruling in that respect.

**DECREE**

For all of the foregoing reasons, the judgment of the WCJ is reversed with respect to the amount of TTD benefits. The award of penalties and attorney's fees is affirmed. We render judgment setting TTD benefits at $41.35 per week and awarding

6

an additional $2,000.00 in attorney's fees to Plaintiff for work done on appeal.  All costs of this appeal are assessed to Defendant-Appellee, Village of Estherwood.

**REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.**