PAINTER, Judge.
| iDefendants, Accor Lodging North America (Accor) and its worker’s compensation insurer, Liberty Mutual Insurance Company (Liberty Mutual), appeal the judgment of the Workers’ Compensation Judge (WCJ) in favor of Plaintiff health care provider, Agilus Health, Inc. (Agilus), for underpayment of medical benefits, statutory penalties, and attorney’s fees. Finding that the underpayment violated the Workers’ Compensation Act, we affirm.
FACTS
Allison Taylor was injured in the course and scope of her employment with Accor. At some point in her treatment, she was referred to Agilus for treatment. When Agilus submitted its bills for treatment of Taylor, the payment amounts were discounted below the amounts provided by the Louisiana Workers’ Compensation Reimbursement Schedule. The discounts were taken pursuant to a Participating Clinic Agreement (PPO agreement) that Agilus entered with First Health Network (First Health), a group purchaser, who in turned contracted with Liberty Mutual for discounted health insurance payments for its members. Agilus filed a disputed claim for compensation asserting underpayment of its bill by Accor. After a hearing, the WCJ found in favor of Agilus. Accor and Liberty Mutual appeal. Agilus answered the appeal asking for additional attorney’s fees on appeal.
DISCUSSION

Validity of the PPO Discount

Accor and Liberty Mutual first assert that the trial court erred in that it nullified the contracts between Agilus and First Health and between First Health and Liberty Mutual. Our review of the record reveals no such action by the trial court. The trial court found that the contracts entered into by the parties did not apply to workers’ ^compensation payments, pursuant to the Worker’s Compensation statute. Further, this court does not purport to consider the validity of any contract concerning non-parties to this suit.
Accor and Liberty Mutual argue in brief that the PPO agreement is not in violation of the Workers’ Compensation Act and the reimbursement schedule because La. R.S. 23:1034.2(E) allows a provider to charge a fee that is less than that established by the reimbursement schedule. Accor and Liberty Mutual, however, ignore the fact that this provision does not allow the employer to pay less than the scheduled amount if the provider charges that amount or more.
La. R.S. 23:1203(B) states that:
*1122 The obligation of the employer to furnish such care, services, treatment, drugs, and supplies, whether in state or out of state, is limited to the reimbursement determined to be the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined under the reimbursement schedule annually published pursuant to R.S. 23:1034.2 or the actual charge made for the service, whichever is less. Any out-of-state provider is also to be subject to the procedures established under the office of workers’ compensation administration utilization review rules.
Louisiana Revised Statutes 23:1033 provides that: “No contract, rule, regulation or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this Chapter except as herein provided.”
As Judge Peter’s stated in his concurring opinion to this court’s en banc opinion in Beutler England Chiropractic Clinic v. Mermentau Rice, Inc., 05-942 (La.App. 3 Cir. 5/31/06), 931 So.2d 553, 561 (citing his dissenting opinion in Beutler England Clinic v. Market Basket No. 27, 05-952 (La.App. 3 Cir. 12/30/05), 919 So.2d 816, 821):
[T]o the extent that the PPO contract purports to further limit the employer’s liability for medical care, it runs afoul of La. R.S. 23:1033 and may not serve as a basis to reduce the amount owed to Beutler England for the treatment of [the injured employee].
^Accordingly, we find no error in the trial court’s determination that Accor and Liberty Mutual must pay the difference between the amount provided by the reimbursement schedule and the amount it previously paid for the service rendered to Allison Taylor.

Penalties and Attorney’s Fees

The WCJ ordered that Defendants pay $2,000.00 in statutory penalties for underpayment of the bill and $4,000.00 in attorney’s fees. Defendants now assert that the trial court erred in awarding penalties for the underpayment of the bill and in awarding attorney’s fees.
La. R.S. 23:1201(F)(4) provides that: “In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider.” Defendants assert that pursuant to La. R.S. 23:1201(F)(2), because the claim was reasonably controverted, penalties and attorney’s fees are not appropriate. It is true as Defendant argues that “an employer should not be penalized for seeking judicial resolution of close factual issues.” Spell v. Conn Appliances, Inc., 97-309, p. 11 (La. App. 3 Cir. 10/8/97), 702 So.2d 797, 802. Defendants further argue that the claim was reasonably controverted. However, we can find neither a close factual issue nor that the claim was reasonably controverted. Rather, we find a violation of a statutorily mandated payment schedule. Therefore, the WCJ appropriately awarded both penalties and attorney’s fees. Answer to Appeal
Agilus answers Defendants’ appeal seeking additional attorney’s fees for work done on this appeal. After a review of the record and noting the work done on appeal by counsel for Agilus, we find that an additional award of $2,500.00 in attorney’s fees |4is reasonable. We, therefore, award Agilus an additional $2,500.00 in attorney’s fees for successfully defending this appeal.
CONCLUSION
For these reasons, the judgment of the trial court is affirmed. Defendants are *1123 ordered to pay an additional $2,500.00 in attorney’s fees for work done on appeal as well as all costs of appeal.
AFFIRMED.
AMY, J., Dissents and Assigns Written Reasons.