# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-61

**DR. CLARK GUNDERSON, ET AL.**

**VERSUS**

**F.A. RICHARD & ASSOCIATES, ET AL.**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2004-002417
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

Perry R. Staub, Jr.
Donald J. Miester, Jr.
1100 Poydras St., Ste. 2100
New Orleans, LA 70163
Counsel for Defendant-Appellant:
    First Health Group Corp.

James R. Nieset
1123 Pithon St.
Lake Charles, LA 70601
Counsel for Defendant-Appellant:
    First Health Group Corp.

John S. Bradford
William B. Monk
One Lakeside Plaza, Fourth Fl.
Lake Charles, LA 70601
Counsel for Plaintiffs-Appellees:
    Dr. Clark A. Gunderson,
    et al.

Harry T. Lemmon
650 Poydras St.
New Orleans, LA. 70130
Counsel for Defendant-Appellant:
First Health Group Corp

Thomas A. Filo
Michael K. Cox
723 Broad St.
Lake Charles, LA
Counsel for Plaintiffs-Appellees:
    Dr. Clark A. Gunderson,
    et al.

Stephen B. Murray
Stephen B. Murray, Jr.
Arthur M. Murray
650 Poydras St., Ste. 1100
Counsel for Plaintiffs-Appellees:
    Dr. Clark A. Gunderson,
    et al.

**PAINTER, Judge**.

Defendant, First Health Group Corporation (First Health), appeals the trial court's denial of its motion to decertify the class of Plaintiffs in this class action. Finding no error in the trial court's ruling, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 14, 2004, Plaintiffs, Clark A. Gunderson, M.D. (A Medical Corporation), Beutler-England Chiropractic Clinic, and Frank W. Lopez, M.D. (A Professional Medical Corporation) (the healthcare providers), filed a Petition for Damages, Injunctive Relief, and Class Certification. Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital (LCMH) was added as an additional plaintiff in an amending petition. Named as defendants were F.A. Richard & Associates, Inc., First Health, Focus Healthcare Management, Inc., Cambridge Integrated Services Group, Inc., National Loss Control Management, Inc., and AIG Claim Services, Inc.

In their petition, the healthcare providers stated that Defendants entered into contracts with them pursuant to the Preferred Provider Organization Act, La.R.S. 40:2201 et seq., which allowed Defendants to pay a discounted rate for the provision of healthcare. They alleged that Defendants routinely reimbursed them in workers' compensation cases at the lower Preferred Provider Organization (PPO) contracted rates, rather than at the higher mandated workers' compensation rates. La.R.S. 23:1203(B). The healthcare providers claim that Defendants violated the provisions of La.R.S. 40:2203.1 by failing to provide them with prior notice of their intent to reimburse at the PPO rates either by providing the injured worker with a PPO card or by providing thirty days' written notice of their intent to use an existing PPO

1

agreement. La.R.S. 40:2203.1(B). In addition to the penalties provided by La.R.S. 40:2203.1(G), the healthcare providers sought an injunction and certification of the matter as a class action.

On motion of Defendants, the matter was removed to the U.S. District Court for the Western District of Louisiana but was later remanded.

In October 2006, the U.S. District Court for the Western District of Louisiana issued a preliminary injunction and stay order enjoining Dr. Gunderson and LCMH from "pursuing any claim before any court arising under Louisiana's Any Willing Provider Act, La.R.S. 40:2201 et seq. against First Health Group Corporation."

The class was subsequently certified by the trial court, with Drs. Gunderson and Lopez, Beutler England Chiropractic Clinic and LCMH named as class representatives. Defendants attempted to have the class certification overturned, partly on the basis of that injunction. However, the judgment certifying the class was affirmed by this court in *Gunderson v. F.A. Richard & Assoc., Inc.*, 07-331 (La.App. 3 Cir. 2/27/08), 977 So.2d 1128, *writs denied*, 08-1063, 08-1069, 08-1072 (La. 9/09/08); 992 So.2d 953.

In January 2008, the U.S. District Court for the Western District of Louisiana issued a permanent injunction, as follows:

> [A] permanent injunction and stay order is hereby ISSUED (1) enjoining Lake Charles Memorial Hospital ("LCMH") from pursuing any claims before any court or administrative agency in the State of Louisiana against Liberty Mutual Insurance Company and First Health Group Corp. and/or its payors which alleges that the Provider Agreements during the period from January 1, 2000 through November 30, 2004 between First Health and LCMH are invalid and/or unenforceable because they run afoul of the Louisiana Workers' Compensation law, or, are null and void because LCMH was not provided with a benefit card as required by Louisiana Revised Statute 40:2203.1; and (2) enjoining Dr. Clark Gunderson from pursuing any claims before any court or administrative agency in the State of Louisiana against Liberty Mutual

2

Insurance Company and First Health Group Corp. and/or its payors which alleges that the Provider Agreements, during the period from February 1, 2002 through June 1, 2006, and for participating patients, during the period from February 1, 2002 through July 30, 2006, between First Health and Dr. Gunderson are invalid and/or unenforceable because they run afoul of the Louisiana Workers' Compensation law, or, are null and void because Dr. Gunderson was not provided with a benefit card as required by Louisiana Revised Statute 40:2203.1.

On November 5, 2008, Plaintiff class filed a motion for summary judgment, which the court set for a hearing on March 30, 2009. On March 18, 2009, First Health filed a motion to continue, which was denied, as was First Health's application to this court for writs.

On March 27, 2009, a temporary restraining order was issued by the U.S. District Court for the Western District of Louisiana enjoining Dr. Lopez and Buetler-England Chiropractic, both class representatives, from:

[P]ursuing any claim before any court or tribunal arising under Louisiana's Any Willing Provider Act, La.R.S. 40:221 et seq., against First Health Group Corporation or any Payor as set forth in the provider agreements between First Health and Defendants, including without limitation pursuing such claims in the matter styled *Gunderson v. F.A. Richard & Associates, Inc., et al.*, Case No. 2004-2417 currently pending in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

On March 30, 2009, on the morning scheduled for the hearing on Plaintiff class' motion for summary judgment, First Health moved to stay the hearing on the basis of the temporary restraining order. The trial court denied the motion, and First Health filed an emergency application for writs, which was denied by this court on the same day. When the district court reconvened on March 30, 2009, First Health filed a motion to decertify the class, which was denied. This appeal ensued.

**DISCUSSION**

Defendant asserts that the trial court erred in denying its motion to decertify the class because no class representatives remain before the court, since all the class representatives were enjoined from pursuing their claims by injunctions issued by the U.S. District Court for the Western District of Louisiana.

The Supreme Court held in *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553 (1975), that even where a controversy is no longer alive as to the named plaintiff in a class action, the class, once certified, acquires a legal status separate from the interest asserted by the named plaintiff. The court explained that:

> There must not only be a named plaintiff who has such a case or controversy at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23, but there must be a live controversy at the time this Court reviews the case. *SEC v. Medical Committee for Human Rights, supra*. The controversy may exist, however, between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot.
>
> . . . .
>
> . . . . A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court. *Bailey v. Patterson*, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); *Rosario, supra*; *Hall v. Beals*, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969). . . .

As in *Sosna*, all the named Plaintiffs were members of the class which they represent both at the time the action was filed and at the time the class action was certified. They continue to be members of that class, in spite of the injunction prohibiting them from pursuing their claims. As the Court further stated in *Sosna*:

> This conclusion does not automatically establish that appellant is entitled to litigate the interests of the class she seeks to represent, but it does shift the focus of examination from the elements of justiciability to the ability of the named representative to 'fairly and adequately protect the interests of the class.' Rule 23(a). Since it is contemplated that all

4

members of the class will be bound by the ultimate ruling on the merits, Rule 23(c)(3), the district court must assure itself that the named representative will adequately protect the interests of the class.

Here, as in *Sosna*, "it is unlikely that segments of the class appell[ees] represent[ ] would have interests conflicting with those [they] ha[ve] sought to advance, and . . . the interests of that class have been competently urged at each level of the proceeding" *Id*. at 403.

As the Supreme Court noted in *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202 (1980), it is implicit in *Sosna* "that vigorous advocacy can be assured through means other than the traditional requirement of a 'personal stake in the outcome.'"

We find *Kremens v. Bartley*, 431 U.S. 119, 97 S.Ct.1709 (1977), cited by First Health to support its argument that the class should be decertified because of the injunctions against the named Plaintiffs, to be inapposite. In *Kremens*, the claims of a large part of the unnamed plaintiffs, as well as the claims of the named plaintiffs, were rendered moot by legislation. As the court stated, "the metes and bounds of the classes were carved up." Here, the claims of the unnamed class members remain before the court, and the class itself is intact.

We find, given that the class herein has been certified and that the certification of the class has been affirmed by this court, the class has legal status separate from the named Plaintiffs. The interests of the named Plaintiffs are not in conflict with those of the class, and the interests of the class continue to be competently urged by the named Plaintiffs.

First Health further asserts that the class should have been decertified because individual fact issues predominate over single common issues of what constitute

5

notice, rendering the class unmanageable. We note that this issue was not raised in the trial court either in argument or in First Health's memorandum in support of its motion to decertify. Additionally, this issue was addressed and rejected by this court in *Gunderson*, 977 So.2d 1128. Although La.Code Civ.P. art. 592(A)(3)(c) provides that "at any time . . . before a decision on the merits of the common issues, the court may alter, amend, or recall its initial ruling on certification and may enlarge, restrict, or otherwise redefine the constituency of the class or the issues to be maintained in the class action," First Health has not shown, and the record does not reveal, circumstances which would require this court to modify its decision in that regard.

## CONCLUSION

Finding no error in the trial court's decision to deny decertification of the class, we affirm the trial court's judgment. Costs of this appeal are assessed to the Defendant-Appellant, First Health.

**AFFIRMED.**

6