GREMILLION, Judge,
Concurring.
| ¶While I agree with the majority’s result, I disagree with the majority’s reasoning. The majority invalidates the PPO agreement on the basis that La.R.S. 28:1083 prohibits the contractual limitation of an employer’s liability under the Workers’ Compensation Act. The PPO agreement in no way limits the employer’s liability; rather, such contracts reflect the sound policy underlying La.R.S. 23:1034.2(E), which provides, “Nothing in this Section shall prevent a health care provider from charging a fee for such care, services, treatment, drugs, or supplies that is less than the reimbursement established by the reimbursement schedule.” When a provider and an employer or workers’ compensation insurer enter into a PPO contract, they are agreeing that the provider will only charge a certain amount for specific care, services, and treatment procedures. The fact that they might charge a patient who is not a member of the PPO a greater amount than an employee member does hot render the PPO agreement invalid under the Workers’ Compensation Act, nor does it render the employee’s care substandard.
The majority also concludes that the PPO agreement runs afoul of the social contract implicit in the Workers’ Compensation Act: the employee is guaranteed payment of his medical expenses and indemnity in exchange for recovery of a lesser | ¡.amount. It states (emphasis added):
Not only do the PPO contracts purport to limit the employer’s liability for medical care, but they also threaten the foundation of the workers’ compensation system — namely, providing quality medical care to injured workers. When medical care providers are forced to accept less reimbursement for the same quality care they provide to paying patients, it is likely that they will be reluctant to participate in the workers’ compensation program. That reluctance will then lead to a fewer numbers of providers accepting workers’ compensation patients, and consequently, substandard care.
This conclusion ignores the basic PPO structure. The PPO agreement is just that — an agreement. No provider is forced to accept anything. They can choose to not participate in the PPO. This reasoning also ignores the fundamental purpose underlying the reimbursement schedule: to cap the amount providers can *700 charge employees for work-related injury expenses.
The manner in which billing is performed by the health care providers should not determine the validity of a PPO agreement. I am mindful of this court’s decision in Agilus Health v. Accor Lodging N.A., 09-1049 (La.App. 3 Cir. 3/10/10), 32 So.3d 1120, unit granted, 10-800 (La.6/18/10), 38 So.3d 312, in which a PPO agreement was invalidated on the ground that it violated La.R.S. 23:1203(B). As the majority stated, “[The defendants], however, ignore the fact that this provision [La. R.S. 23:1034.2] does not allow the employer to pay less than the scheduled amount if the provider charges that amount or more.” Id., at 1121. What constitutes the amount the provider charges is, in my mind, the critical issue.
For instance, would the misplacement of a decimal point by the provider’s billing clerk change the amount actually charged from $100.00 to $1,000.00? Under the Agi-lus Health case, if the PPO paid the $100.00 it and the provider had agreed to, it is conceivable the provider would be subject not only to paying the difference between the agreed-to and the scheduled amounts, but also to a $2,000.00 penalty and | ¡¡attorney fees.
Statutes governing the same subject are to be read in pari materia. La.Civ.Code art. 13. Further, the standard rules of statutory construction provide that (1) one presumes that every provision of law was intended to serve a purpose; (2) one does not presume that the lawmaker intended for any part of a law to be meaningless; (3) one presumes the lawmaker to have enacted the law with full knowledge of all other laws pertaining to the same subject matter; (4) the duty of the courts is to interpret a provision of law which harmonizes and reconciles it with other provisions pertaining to the same subject matter; and (5) of two or more possible interpretations of a law, “that which affords a reasonable and practical effect to the entire act is preferred to one that renders part of the act nugatory.” Ransome v. Ransome, 01-2361, 8 (La.App. 1 Cir. 6/21/02), 822 So.2d 746, 754. In the present matter, as in Agilus Health, the literal application of La.R.S. 23:1203, without reference to La. R.S. 23:1034.2, renders section 1034.2(E) superfluous.
The PPO agreement does not, in my opinion, violate the Workers’ Compensation Act. I fully agree with Judge Amy’s dissent in the Agilus Health case. The PPO agreement was precisely the sort of vehicle envisioned when Section 1034.2(E) was enacted.
Rather, I agree with the majority in ruling that the PPO failed to comply with the notice requirements of La.R.S. 40:2203.1. The majority has aptly characterized the relationship between the parties hereto as “a web of contracts.” The plaintiff may be even more felicitous in describing a “convoluted series of at least four contracts.” In addition, CLASC had no other notice that it was to provide services under a PPO agreement at any other time until Gallagher Bassett notified it of such at the time of payment. Surely, leaving the provider so completely uninformed was exactly what 14the legislature sought to avoid when it enacted La.R.S. 40:2203.1.
I note, as did the majority, that this was the basis for this court’s decision in the very recent case of Gunderson v. F.A. Richard & Assoc., Inc., 09-1498 (La.App. 3 Cir. 6/30/10), 44 So.3d 779. Also, our colleagues on the fourth circuit have found that no party has the right to enforce the PPO agreement against a health care provider when the notice requirements of Section 2203.1 are not followed. Touro Infirmary v. American Maritime Officer, 09-697 (La.App. 4 Cir. 11/9/09), 24 So.3d 948.
*701 I agree with the majority on the issue of the awards of penalties and attorney fees. I concur with the result, given that the PPO failed to comply with the dictates contained in La.R.S. 40:2203.1.