# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-577

**THOMAS MEDICAL GROUP, APMC (DEREK MCDAVID)**

**VERSUS**

**STINE, LLC, ET AL.**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 08-05507
JAMES L. BRADDOCK, WORKERS COMPENSATION JUDGE

**********

## JOHN D. SAUNDERS,
## JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Gremillion, J., concurs in parts and dissents in part and assigns written reasons.**

**Roger Anthony Javier**
**The Javier Law Firm**
**1100 Poydras St., #800**
**New Orleans, LA 70163**
**(504) 599-8570**
**Counsel for Defendants/Appellants:**
**Zurich American Ins. Co.**
**Stine, LLC**

**Richard Bray Williams**
**Williams Family Law Firm, LLC**
**P. O. Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**Counsel for Plaintiff/Appellee:**
**Thomas Medical Group, APMC (Derek McDavid)**

**SAUNDERS, Judge.**

This appeal involves a dispute between a health care provider and an employer, its insurer, and a third party administrator. The insurer's third party administrator and the health care provider were both parties to preferred provider agreements (PPO) with First Health Group Corp (First Health). Despite the existence of this PPO agreement, the health care provider, plaintiff/appellee Thomas Medical Group, APMC (Thomas), which agreed to accept 90% of the statutory reimbursement schedule established in the Louisiana Workers' Compensation Act, filed a disputed claim for compensation with the Office of Worker's Compensation by which it sought—and was awarded—the alleged underpayment amount of $51.66 plus a penalty of $2,000.00 and attorney fees of $4,500.00 against the employer, defendant/appellant Stine, LLC (Stine), and its insurer, defendant/appellant Zurich American Insurance Company (Zurich). Stine and Zurich appealed the judgment. Thomas answered the appeal, asserting that because there were two bills that were discounted improperly, it was entitled to two awards of penalties. Thomas also seeks additional attorney fees for defending the judgment on appeal. For the reasons that follow, we affirm the workers' compensation judge's (WCJ) judgment.

## FACTS

In January 2002, Gallagher Bassett Services, Inc. (Gallagher Bassett), entered into a contract with First Health allowing Gallagher Bassett access to First Health's preferred provider network. In July 2005, Dr. James Knecht, a Natchitoches, Louisiana, physician, contracted with First Health to become a member of First Health's preferred provider network.[1] Dr. Knecht was asked to complete a

---

[1] Dr. Knecht and Dr. Joseph A. Thomas formed the Thomas Medical Group, a corporation operating under Subchapter S. Three years later, Dr. Thomas died. Dr. Knecht is the sole physician member of the Thomas Medical Group.

questionnaire that specifically queried his workers' compensation practice as part of this enrollment. In November 2006, Gallagher Bassett entered into a Third Party Administrator Agreement with Zurich, whereby Gallagher Bassett agreed to administer certain workers' compensation claims for Zurich. Zurich provided workers' compensation insurance to Stine.

Dr. Knecht is a general practitioner in Natchitoches who accepts workers' compensation cases only on referrals from employers. He employs Acadiana Computer Services to perform his billing. He and his staff were not aware that Stine's employee, Mr. McDavid, was being seen pursuant to the PPO agreement until an Explanation of Benefits (EOB) was received by his office. His staff alerted him to the fact that First Health had taken a further PPO reduction from the statutory reimbursement schedule that fixes the maximum amount a health care provider can be reimbursed. Thomas then initiated this litigation.

The WCJ heard this matter and, for oral reasons handed down in another matter, found that Stine and Thomas had not negotiated over the application of the PPO agreement to the treatment of workers' compensation patients, and that PPO arrangements simply are not compatible with the statutory workers' compensation scheme. Therefore, the WCJ rendered judgment in favor of Thomas.

## ASSIGNMENTS OF ERROR

Stine and Zurich assign as error:

(1) The WCJ's ruling that the PPO contracts are not authorized by the Workers' Compensation Act;

(2) The WCJ's ruling that PPO agreements must be specifically authorized by statute to have effect;

2

(3) The WCJ's ruling that they were arbitrary and capricious in reducing payments to Thomas, thus subjecting them to penalties and attorney fees; and,

(4) The WCJ's assessment of penalties and attorney fees.

Thomas assigns as error the WCJ's ruling admitting evidence of the relationship between First Health and a company known as Concentra, Inc., and FOCUS Health Care Management, Inc.[2] Thomas also assigns a error the ruling that Stine and Zurich were only liable for a single penalty, as it contends each failure to properly reimburse constitutes a separate violation of the Workers' Compensation Act.

### ANALYSIS

This Court has wrestled with this issue for the past several months. *See Agilus Health (Allison Taylor) v. Accor Lodging N. Am.*, 09-1049 (La.App. 3 Cir. 3/10/10), 32 So.3d 1120, *writ granted*, 10-800 (La. 6/18/10), 38 So.3d 312, and *Central La. Ambulatory Surgical Ctr., Inc. v. Payless Shoesource, Inc.*, 10-86 (La.App. 3 Cir. 7/28/10), ___ So.3d ___, *on rehearing*, (La.App. 3 Cir. 10/20/10), ___ So.3d ___. We disagree with the WCJ that this matter hinges upon whether a PPO agreement runs afoul of the Workers' Compensation Act. Assuming that a PPO agreement is valid, the defendants were not entitled to take any discount on the workers' compensation reimbursement schedule. The dictates of La.R.S. 40:2203.1, which requires advanced notice to the health care provider either in the form of a benefit card that identifies the PPO or other written notice by the PPO to the provider at least 30 days in advance of services, were not followed. *See Touro Infirmary v. Am. Maritime Officer*, 09-697 (La.App. 4 Cir. 11/9/09), 24 So.3d 948, and *Gunderson v.*

---

[2] The last exhibit of which Thomas complains consists of documents reflecting the terms of the settlement a class action suit, *Gunderson v. F.A. Richard & Assocs., Inc.*, docket 2004-2417 of the 14th Judicial District Court, Calcasieu Parish, Louisiana. The suit was settled releasing the "affiliates," which included entities related to FOCUS and Concentra.

*F.A. Richard & Assocs., Inc.*, 09-1498 (La.App. 3 Cir. 6/2/10), 40 So.3d 418. Under the plain terms of section 2203.1, unless this notice is provided, "[a] preferred provider organization's alternative rates of payment shall not be enforceable or binding." La.R.S. 40:2203.1(B).

Clearly, the lack of notice to Thomas that Mr. McDavid's treatment would be provided under the auspices of the PPO precludes enforcement of those discounts. These notice provisions are statutorily mandated. They are clear and unambiguous. *Gunderson*, 40 So.3d 418. The imposition of penalties by the WCJ is subject to review under the manifest error standard. *Wilczewski v. Brookshire Grocery Store*, 08-718 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, *writ denied*, 09-456 (La. 4/13/09), 5 So.3d 170. We find that the record reasonably supports the imposition of penalties under La.R.S. 23:1201(F)(4), which reads:

> In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.

Because the notice provisions were not followed, the WCJ's imposition of penalties was not manifestly erroneous. *See Central La. Amb. Surg. Ctr., Inc.*, 10-86 (La.App. 3 Cir. 10/20/10), ___ So.3d ___ (On rehearing).

We disagree with Thomas that each failure to reimburse at the proper rate constitutes a separate violation for purposes of imposing penalties. Whether multiple violations occur is a determination subject to review under the manifest error standard. *Wyble v. Acadiana Prep. Sch.*, 07-91 (La.App. 3 Cir. 5/2/07), 956 So.2d 722, *writ denied*, 07-1178 (La. 9/14/07), 963 So.2d 1004. Our supreme court has directed us to "ferret out" these situations. See *Fontenot v. Reddell Vidrine Water*

4

*District*, 02-439, p.18 (La. 1/14/03), 836 So.2d 14, 27. We have done so in cases such as *Ducote v. Louisiana Industries, Inc.*, 07-1536 (La.App. 3 Cir. 4/2/08), 980 So.2d 843, and *Burnett v. Villiage of Esterwood*, 09-680 (La.App. 3 Cir. 12/9/09), 25 So.3d 997.

In this case, the WCJ found, as fact, that it was a good-faith, single error made by the benefits providers, i.e. that they could pay the negotiated lower prices for health care services, that led to multiple bills being underpaid. Given these circumstances, we cannot say that the WCJ erred in awarding a single penalty to Thomas. Thus, we find the record reasonably supports the imposition of a single penalty.

The WCJ awarded Thomas $4,500.00 in attorney fees. Louisiana Revised Statute 23:1201(F)(4) allows a health care provider to collect an attorney fee based on the actual hours worked. "The [WCJ] has great discretion in the award of attorney's fees and will not be disturbed absent manifest error." *Dietz v. Guichard Drilling Co.*, 626 So.2d 79, 83 (La.App. 3 Cir. 1993).

In the case before us, Thomas's attorney submitted an affidavit attesting that as of October 19, 2009, he had worked 2.2 hours on the case. Since October 19, 2009, Thomas' attorney has also prepared this case for trial and tried this case, along with three others on these issues, in a trial that lasted an entire day. Given the great discretion affording the WCJ on this issue, we find no error in its award.

Thomas also seeks additional attorney fees for work on appeal. The award of additional attorney fees is warranted when the claimant successfully defends its judgment. *See Central La. Ambulatory Surgical Ctr., Inc.*,10-86 (La.App. 3 Cir. 10/20/10), ___ So.3d ___ (On rehearing). "Generally, when an award for attorney's

fees is granted [by the WCJ], additional attorney's fees are proper for work done on appeal [so as] to keep the appellate judgment consistent with the underlying judgment." *Wilczewski*, 2 So.3d at 1226. Accordingly, we award Thomas an additional $1,500.00 in attorney's fees for work done on appeal.

Thomas assigned an error in the admission of certain documents. We consider this assignment of error moot.

## CONCLUSION

The issue of the validity of a PPO agreement to a workers' compensation case need not be addressed, because even if such an agreement were valid, the notice required be given to the health care provider was not effected. Therefore, the PPO was not allowed to discount the reimbursement below the workers' compensation reimbursement schedule. The judgment of the Workers' Compensation Judge awarding Thomas $51.66 is affirmed. Likewise, the notice provisions of the PPO laws are clear and unambiguous. The failure to follow these dictates, yet to still attempt to discount the health care provider's reimbursement, warrants the imposition of penalties. The single penalty of $2,000.00 is affirmed. Moreover, the award of $4,500.00 in attorney fees is affirmed given the great discretion afforded the WCJ. Finally, Thomas is awarded additional attorney's fees for this appeal of $1,500.00.

**AFFIRMED.**

THOMAS MEDICAL GROUP, APMC (DEREK MCDAVID)

VERSUS

STINE, LLC, ET AL.

**GREMILLION, Judge, concurs in part and dissents in part.**

I find that the attorney fees awarded by the WCJ are too high and should be reduced. Thus, I dissent on this issue for the same reasons I assigned in my dissent in *Central La. Amabulatory Surgical Crt., Inc.,* 10-86 (La.App. 3 Cir. 10/20/10), __So.3d__ (On rehearing). In all other respects I concur with the majority.